**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 1:13-cv-00695-REB-MJW

BALL METAL BEVERAGE CONTAINER CORP, a Colorado Corporation,

    Plaintiff,

v.

CML&J, LLC, a Connecticut limited liability company,

    Defendant.

_____

**ORDER RE: DEFENDANT'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(2) AND 12(b)(3)**
_____

**Blackburn, J.**

    The matter before me is **Defendant CML&J's Motion To Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3)** [#13],[1] filed April 18, 2013.  I grant the motion.

## I. JURISDICTION

    I putatively have jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question) and 1338(a) (actions arising under federal patent law).

## II. STANDARD OF REVIEW

    Defendant moves to dismiss plaintiff's claims against it on the ground that it does not have sufficient minium contacts with Colorado to warrant the exercise of personal jurisdiction over it in this forum.  Alternatively, it claims that venue is improper in this forum.  "The question of personal jurisdiction, which goes to the court's power to exercise

---

[1] "[#13]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF).  I use this convention throughout this order.

1

control over the parties, is typically decided in advance of venue, which is primarily a matter of choosing a convenient forum," although "when there is a sound prudential justification for doing so, . . . a court may reverse the normal order of considering personal jurisdiction and venue." ***Leroy v. Great Western United Corp.***, 443 U.S. 173, 180, 99 S.Ct. 2710, 2715, 61 L.Ed.2d 464 (1979).

In patent law cases, the question whether this court has personal jurisdiction over a defendant is governed by the law of the Federal Circuit. ***See Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.***, 148 F.3d 1355, 1358 (Fed. Cir. 1998). The Federal Circuit, in turn, looks to the relevant state's long-arm statute to determine whether it permits the assertion of personal jurisdiction over the defendant. ***3D Systems, Inc. v. Aarotech Laboratories, Inc.***, 160 F.3d 1373, 1376-77 (Fed. Cir. 1998). Because the Colorado long-arm statute extends personal jurisdiction as far as the federal constitutional requirements of due process permit, ***Keefe v. Kirschenbaum & Kirschenbaum***, ***P.C.***, 40 P.3d 1267, 1270 (Colo. 2002), the analysis collapses into a single inquiry as to whether the requirements of due process are satisfied.

Due process for jurisdictional purposes consists of two elements. First, the defendant must have sufficient "minimum contacts" with the forum state. ***International Shoe Co. v. State of Washington, Office of Unemployment Compensation & Placement***, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945); ***Kuenzle v. HTM Sport-Und Freizeitgerate AG***, 102 F.3d 453, 455 (10th Cir. 1996). "Minimum contacts" may be analyzed in terms of either general or specific jurisdiction. ***Helicopteros Nacionales de Colombia, S.A. v. Hall***, 466 U.S. 408, 414, 104 S. Ct. 1868, 1872, 80 L.Ed.2d 404 (1984);***Trierweiler v. Croxton & Trench Holding Corp.***, 90 F.3d 1523, 1532 (10th Cir. 1996). Specific jurisdiction exists if a "defendant has 'purposefully

directed' his activities at residents of the forum . . . . and the litigation results from alleged injuries that 'arise out of or relate to' those activities." **Burger King Corp. v. Rudzewicz**, 471 U.S. 462, 472, 105 S.Ct. 2174, 2182, 85 L.Ed.2d 528 (1985) (citations omitted); **see also Kuenzle**, 102 F.3d at 455.  General jurisdiction is proper when the defendant has other "continuous and systematic" contacts with the forum, even if those contacts are unrelated to the pending litigation.  **Helicopteros Nacionales de Columbia,** 104 S.Ct. at 1972; **Trierweiler**, 90 F.3d at 1533.

If sufficient minimum contacts exist, I then must determine whether the exercise of personal jurisdiction over the non-resident defendant "would comport with 'fair play and substantial justice.'"  **Burger King Corp.**, 105 S.Ct. at 2184 (citation omitted); **see also International Shoe**, 66 S.Ct. at 160.  Stated differently, I must determine whether assuming personal jurisdiction over the defendant is "reasonable in light of the circumstances surrounding the case."  **OMI Holdings, Inc. v. Royal Insurance Co. of Canada**, 149 F.3d 1086, 1091 (10th Cir. 1998).  Factors relevant to that analysis include:

> (1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental social policies**.**

**Trujillo v. Williams**, 465 F.3d 1210, 1221 (10th Cir. 2006) (quoting **Pro Axess, Inc. v. Orlux Distribution, Inc.**, 428 F.3d 1270, 1279-80 (10th Cir. 2005)).  "[T]he weaker the plaintiff's showing on minimum contacts, the less a defendant need show in terms of unreasonableness to defeat jurisdiction." **Id.** (quoting **Pro Axess**, 428 F.3d at 1280).

I have discretion to resolve the motion on affidavits and other written material. **Behagen v. Amateur Basketball Association***,* 744 F.2d 731, 733 (10th Cir. 1984), **cert. denied**, 105 S.Ct. 1879 (1985).  Plaintiff has the burden to establish a *prima facie* case of

personal jurisdiction. ***Id.***. I must accept the well-pleaded facts of the complaint as true. ***Wenz***, 55 F.3d at 1505; ***Behagen***, 744 F.2d 744 F.2d at 733. However, plaintiff has "the duty to support jurisdictional allegations in a complaint by competent proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate pleading." ***Pytlik v. Professional Resources, Ltd.***, 887 F.2d 1371, 1376 (10th Cir. 1989).

Regarding defendant's alternative motion to dismiss for improper venue, the federal venue statute provides that

> [a] civil action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For purposes of this section, the court need not determine the "best" venue, ***Bates v. C & S Adjusters, Inc.***, 980 F.2d 865, 867 (2nd Cir. 1992), but only whether "significant events or omissions material to the plaintiff's claim . . . occurred in the district in question, even if other material events occurred elsewhere," ***Gulf Insurance Co. v. Glasbrenner***, 417 F.3d 353, 357 (2nd Cir. 2005). Where venue in the filing district is found to be improper, the court "shall dismiss, or if it be in the interest of justice, transfer such a case" to a district in which venue properly lies. 28 U.S.C. § 1406(a). The decision to either dismiss or transfer the case is committed to the sound discretion of the court. ***Keaveney v. Larimer***, 2000 WL 1853994 at *1 (10th Cir. Dec 19, 2000); ***see also Trierweiler***, 90 F.3d at 1544 (not a clear abuse of discretion for the district court to deny a transfer when "a plaintiff either realized or should have realized that the forum in which he or she filed was improper.").

## III. ANALYSIS

This declaratory judgment action involves U.S. Patent No. 8,245,866 (the "'866 Patent"), which describes a particular type of beverage container. The product embodied in the '866 Patent was created by three friends – Daniel Gibson, Joseph Snecinski, and Todd Epstein – who incorporated defendant for the purpose of licensing the beverage container described in the '866 Patent. Gibson and Snecinski are residents of Connecticut, and Epstein is a resident of Massachusetts. Defendant's sole place of business is Connecticut.

In April 2012, MillerCoors LLC introduced a Punch Top can in connection with its Miller Lite and Miller Genuine Draft beers. Defendant claims these cans infringe its rights in the '866 Patent. On October 15, 2012, it filed a patent infringement suit against MillerCoors in the United States District Court for the District of Connecticut. (*See* **Complaint**, Exh. 2 [#1], filed March 15, 2013.) That same day, defendant contacted MillerCoors in Chicago, Illinois, informing it of the complaint and inviting it to discuss a possible licensing agreement. (*Id.*, Exh. 3.)

Plaintiff – a Colorado corporation with its principal place of business in this state – responded to this letter, apprising defendant that it was the manufacturer of the Punch Top can and would indemnify MillerCoors from suit. Plaintiff proceeded to set forth in detail the bases for its assertions that its Punch Top cans did not infringe the '866 Patent and that the patent was invalid. (*See id.*, Exh. 4.) A lengthy response from defendant followed, and over the next several months, the parties exchanged a series of letters discussing the merits of defendant's patent claims and possible ways to settle their differences. (*See id.*, Exhs. 5-9.) Ultimately, however, the parties could not reach a resolution. This lawsuit followed.

Plaintiff seeks a declaratory judgment that its Punch Top can does not infringe the '866 Patent and that certain claims of the patent are invalid. Additionally, plaintiff claims that defendant tortiously interfered with its business relationship with MillerCoors. By the instant motion, defendant asserts that the Colorado courts lack personal jurisdiction over it. Alternatively, defendant maintains that venue is improper in this district. Because I find the former issue determinative, I do not consider the latter.

As the party seeking to invoke the court's jurisdiction, plaintiff bears the burden of making a *prima facie* showing of personal jurisdiction over defendant in this forum. **Dudnikov v. Vermilion Fine Arts, Inc.**, 514 F.3d 1063, 1069-70 (10th Cir. 2008). Plaintiff makes no pretense of attempting to argue that defendant is subject to general jurisdiction in this state.[2] Instead, plaintiff relies on its assertion that its communications with defendant regarding the validity *vel non* of the patent claims in the Connecticut suit are sufficient to create specific jurisdiction over defendant in Colorado.

A federal court may assume specific jurisdiction over a nonresident defendant that "'purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" **Benally v. Amon Carter Museum of Western Art**, 858 F.2d 618, 625 (10th Cir. 1988) (quoting **Hanson v. Denckla**, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239-40, 2 L.Ed.2d 1283 (1958)). The purposeful availment requirement "ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." *Id*. (quoting **Burger King Corp.**, 105

---

[2] Nor could it. Defendant has no physical or commercial presence in Colorado. It is not registered to do business in this state, has no employees or representatives in Colorado, has never advertised here, and participates in no contracts, licenses, or business relationships in the state. In no wise can defendant's contact with Colorado be described as sufficiently "continuous and systematic" to warrant the assumption of general, personal jurisdiction over it in this forum. **Helicopteros Nacionales de Colombia**, 104 S.Ct. at 1873.

S.Ct. at 2183) (internal citations and quotation marks omitted).  The contacts with the forum state must be such that "it is foreseeable that the defendant should reasonably anticipate being haled into court there."  **World-Wide Volkswagen Corp. v. Woodson**, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).

In this case, defendant's contacts with the state of Colorado are based on nothing more than the mere fortuity that plaintiff happens to be a resident of this state.  Such has never been sufficient to support the assumption of personal jurisdiction over a nonresident defendant.  **See Far West Capital, Inc. v. Towne**, 46 F.3d 1071, 1079 (10th Cir. 1995).  The parties' communications involved a suit filed against MillerCoors, based in Chicago, Illinois, in a Connecticut federal court.  Defendant did not purposefully direct any activity at Colorado; it was plaintiff that opened the exchange by informing defendant that it would be indemnifying MillerCoors from suit.

Nor does defendant's response informing plaintiff of its alleged rights in the patent make defendant subject to personal jurisdiction this forum.  **See Red Wing Shoe Co.**, 148 F.3d at 1360-61.  A patentee must be free to inform a suspected infringer of its claims without undue risk of subjecting itself to suit in the alleged infringer's home forum. **See Hildebrand v. Steck Manufacturing Co.,** 279 F.3d 1351, 1356 (2002) ("[A]n offer to license is so closely akin to an offer to settle that it may not be a separate contact upon which to base jurisdiction.").  **See also Kash 'n Gold, Ltd. v. ATSPI, Inc.,** 690 F.Supp. 1160, 1163 (E.D.N.Y. 1988) (noting that tort claims for intentional interference with business relations in patent case "are not reliable bases for jurisdiction").

Plaintiff's reliance on **OpenLCR.com v. Rates Tech., Inc.**, 112 F.Supp.2d 1223 (D. Colo. 2000), for its assertion that personal jurisdiction is warranted in this case is woefully misplaced.  The court there determined that the exercise of personal jurisdiction

in Colorado over a New York-based defendant was proper based on its persistent, bad faith threats of litigation made against a Colorado plaintiff.  The defendant had persistently hounded the plaintiff with numerous demand letters and repeated telephone calls over a six-month period, refusing all attempts to discuss the validity of the patents-in-suit and "apparently preferring to focus [its] efforts at intimidating [the plaintiff] with threats of litigation."  *Id.* at 1227-28.  The court found that such harassment did not constitute protected patent enforcement activity but was, instead, *prima facie* evidence of bad faith.  *Id.* at 1228.

Plaintiff seems to believe that by simply invoking the specter of bad faith, it may conjure personal jurisdiction over defendant in this forum.  **OpenLCR.com** itself does not counsel such a result, and I do not find its high threshold for making a *prima facie* showing of bad faith enforcement of defendant's patent rights to be met here.  Defendant's disagreements with plaintiff regarding the validity of the '866 Patent and whether plaintiff's products infringed it, and its concomitant acknowledgment that it would seek all appropriate remedies available in the Connecticut lawsuit, are in no way comparable to the threats and intimidation found sufficient to support personal jurisdiction in **OpenLCR.com**.  "A patentee, acting in good faith on its belief as to the nature and scope of its rights, is fully permitted to press those rights even though he may misconceive what those rights are."  **Mikohn Gaming Corp. v. Acres Gaming, Inc.**, 165 F.3d 891, 897 (Fed. Cir. 1998) (citation and internal quotation marks omitted).  Thus, the parties' mere difference of opinion as to the scope and validity of the '866 Patent is not sufficient to support a *prima facie* showing bad faith or threatening behavior sufficient to invoke the narrow exception recognized in **OpenLCR.com**.

In sum, plaintiff has failed to establish that defendant has sufficient minimum contacts with Colorado to support the assumption of personal jurisdiction over it in this state.[3] Thus, motion to dismiss for lack of personal jurisdiction will be granted.

### IV.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1.  That **Defendant CML&J's Motion To Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3)** [#13], filed April 18, 2013, is **GRANTED IN PART** and **DENIED AS MOOT IN PART** as follows:

    a.  That the motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) is **GRANTED**; and

    b.  That the motion to dismiss for improper venue pursuant to Fed. R. Civ. P. 12(b)(3) is **DENIED AS MOOT**;

2.  That plaintiff's claims against defendant are **DISMISSED WITHOUT PREJUDICE**; and

3.  That judgment without prejudice **SHALL ENTER** in favor of defendant, CML&J, LLC, a Connecticut limited liability company, against plaintiff, Ball Metal Beverage Container Corp., a Colorado corporation, on all claims for relief and causes of action asserted in this action.

Dated June 27, 2013 at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

---

[3] Since minimum contacts do not exist, I need not determine whether asserting personal jurisdiction would comport with fair play and substantial justice.  *See Burger King Corp.*, 105 S.Ct. at 2184.